## ROBERTSON, Trustee, &c. et al. v. TRAVIS, Sheriff.

4 151
108 212

Where a petition for an injunction is presented by a party who describes himself as a trustee, it is unnecessary that his capacity as trustee should be repeated in the affidavit.

Where on an application to obtain an injunction, made by several persons representing distinct interests, the affidavit is made by only one of the parties, and it does not appear either from the petition or the affidavit that he acted as the agent of the others, the injunction must be dissolved as to the parties by whom no affidavit was made.

APPEAL from the District Court of Carroll, *Selby*, J. *R. N.* and *A. N. Ogden*, for the appellants. *Stacy* and *Sparrow*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiffs, *Hall* and *Robertson*, the latter representing himself to be the trustee of the Commercial Bank of Natchez, and the remaining plaintiffs representing themselves to be the trustees of the Planters' Bank of Mississippi, enjoined the execution of two writs of *fieri facias*, on the allegation that the sheriff was about to sell the property seized without an appraisement, which would expose them, as junior mortgagees, to loss. A motion was made to dissolve the injunction on the face of the papers, on the ground that the plaintiffs had not made the oath, nor furnished the bond required by law. The motion was sustained, and the injunction dissolved with damages. The plaintiffs have appealed.

The affidavit upon which the injunction was granted, was made by *Robertson* alone, and is as follows: "Declares that the facts set forth in the foregoing petition for injunction so far as they are stated as of his own knowledge, are true, and so far as they are stated as derived from the information of others, he believes them to be true." It is objected to this affidavit, that it is vague and uncertain, and does not show that *Robertson*, who made it, is the trustee of the Commercial Bank, nor that he is the agent of *Hall* or of the remaining defendants, who are trustees of the Planters' Bank.

As far as relates to the Commercial Bank of Natchez, the oath of *Robertson*,

ROBERTSON
v.
TRAVIS.

one of the trustees, is sufficient. A reference to the petition shows that none of the facts averred are stated as having been derived from the information of others, and the petitioner must be understood as having deposed to the truth of all his allegations. His quality of trustee, is stated in the petition, to which the oath is appended, and it was not necessary that it should be repeated in the affidavit.

The objection taken that, *Robertson* does not appear, either from the petition or affidavit, to have acted as the agent of the remaining parties plaintiff, who represented separate and distinct interests, is well taken. Those parties could only have claimed an injunction upon swearing to the truth of the allegations on which they relied as authorizing a resort to the remedy, and on giving the bond required by law. They have neither taken the required oath, nor joined in the bond, and as to them the injunction was properly dissolved.

But as the allegations of the petition are to be taken as true on a motion to dissolve, we must take the fact to be as alleged that the sheriff was about to sell irregularly, and although the trustees of the Planters' Bank had not fulfilled the prerequisites for an injunction, and it was properly dissolved as to them, we are not prepared to sustain the decree of one per cent damages, even as to them, but will leave the question of damages open as to all the parties.

*Robertson*, however, furnished the bond and security required by the judge. It is true that he is not described in the instrument as the trustee of the Commercial Bank of Natches, but he is sufficiently identified with the plaintiff in the suit, by that part of the bond reciting the condition on which it is given, in which it is said : " That whereas *William Robertson* and others have this day presented a petition to the Tenth District Court," etc. We think that *Robertson* and his sureties are bound upon the bond, and that the defendants may recover upon it, if it should be found that the injunction has wrongfully issued. As regards the Commercial Bank, we think the judge erred in dissolving the injunction upon the face of the papers.

It is, therefore, decreed that so much of the judgment appealed from as dissolved the injunction as to the plaintiffs *Hall*, and the trustees of the Planters' Bank of Mississippi, be affirmed; and in other respects that the said decree be reversed, and the cause remanded to be proceeded with according to law, the defendants paying the costs of this appeal; the question of damages being reserved.